| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL I | | |
|---|---|---|
| JOEL HERNÁNDEZ SANTOS Parte Recurrente v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Parte Recurrida | KLRA202400475 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación Caso Núm.: PP-178-24 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2024.

Comparece por derecho propio y en forma *pauperis*[1] el señor Joel Hernández Santos (en adelante, Sr. Hernández Santos o recurrente) y solicita que revisemos la decisión emitida el 8 de agosto de 2024, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR). Mediante el referido dictamen, el DCR le denegó al recurrente su solicitud de reconsideración para que se le refiriera al proceso de evaluación para el proyecto de pre-reinserción a la libre comunidad.

Evaluado el recurso, este Tribunal resuelve confirmar la decisión recurrida.

## I.

El Sr. Hernández Santos se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación en la Institución Correccional Ponce Principal, extinguiendo condenas por tres cargos de asesinato en primer grado y una infracción la Ley de Armas. Está

---

[1] El recurrente acompañó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* debidamente cumplimentado y juramentado. Se autoriza la litigación *in forma pauperis* del recurrente.

Número Identificador
SEN2024_____

clasificado en un nivel de custodia mediana. El 3 de junio de 2024, presentó una solicitud de remedio administrativo en la que pidió que se le refiriera al proceso de evaluación para el programa de pre-reinserción a la libre comunidad conforme a la Orden Administrativa DCR-2023-03. El 18 de junio de 2024, el área concernida respondió lo siguiente: "[s]e entrevistará para completar el referido en torno a su solicitud".[2]

Oportunamente, el Sr. Hernández Santos presentó una solicitud de reconsideración, mediante la cual reiteró su petición de referido para evaluación al programa de pre-reinserción a la libre comunidad y, concretamente, expresó que cumple con todos los requisitos de elegibilidad del programa de pase sin custodia del Reglamento Núm. 9499 del 19 de septiembre de 2023, conocido como el *Reglamento para la concesión de permisos a los miembros de la población correccional para salir de las instituciones correccionales del Gobierno de Puerto Rico.*

La solicitud de reconsideración fue recibida el 22 de julio de 2022 y, el 8 de agosto de 2024, el DCR emitió la siguiente determinación:

> Se deniega la petición de reconsideración. Según el reglamento de pase #9499 emitido el día 19 de septiembre de 2023, debe cumplir varios criterios, pero específicamente debe tener el 10% de la totalidad de la sentencia (6 de enero de 2039); y de poseer la clasificación en custodia mediana debe ser 6 años sin interrupción (19 de abril de 2028). Es decir, el mpc no cualifica para pase sin custodia. Adicional, se coordinó cita con su social, Beatriz Irizarry Muñoz para el mes de agosto de 2024. El propósito es determinar si es candidato potencial para beneficiarse del Proyecto para la Reinserción a la Libre Comunidad.

Insatisfecho con la decisión, el 20 de agosto de 2024, el Sr. Hernández Santos acude ante nos mediante el presente recurso y señala que:

---

[2] Véase, Respuesta al Miembro de la Población Correccional en el apéndice del recurso. No citamos número de página porque el recurrente no enumeró las páginas del apéndice.

Erró el DCR por conducto de la Unidad Sociopenal al no referir al recurrente para ser evaluado por el Proyecto para la Pre-Reinserción a la Libre Comunidad.

Erró el DCR por conducto de la Unidad Sociopenal y la Sra. Beatriz Irizarry al determinar sobre la elegibilidad del Sr. Hernández cuando es a un Comité de Clasificación y Tratamiento a quien le corresponde determinar sobre la elegibilidad de pases sin custodia a la libre comunidad y al Proyecto de Pre-Reinserción.

Erró el DCR por conducto de la Unidad Sociopenal y la Sra. Beatriz Irizarry al no calendarizar una cita para entrevista con el Sr. Hernández Santos con el propósito de realizar las evaluaciones correspondientes.

En síntesis, el recurrente cuestiona la potestad de la Unidad Sociopenal para determinar su elegibilidad para el programa de pase sin custodia y emitir una recomendación para que éste participe del proyecto de pre-reinserción a la libre comunidad. A su vez, solicita que se ordene al DCR a realizar las evaluaciones correspondientes a dichos planes de reinserción a la comunidad.

**II.**

**A.**

Es doctrina reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial.[3] Ello, en vista al gran conocimiento especializado y experiencia que las agencias ostentan.[4] Esta deferencia se debe a que son estos los que cuentan con el conocimiento experto y con la experiencia especializada de los asuntos que les son encomendados.[5]

Así pues, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia

---

[3] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *OSC v. CODEPOLA*, 202 DPR 842, 853 (2019).
[4] *OCS v. Universal*, 187 DPR 164, 178 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).
[5] *OEG v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); The *Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012); *Accumail P.R. v. Junta Sub. A.A.A.*, 170 DPR 821, 829 (2007); *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 324 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005); *Rebollo v. Yiyi Motors*, 161 DPR 69 (2004).

suficiente para rebatirla.[6] El criterio rector para la revisión de este tipo de determinación es el de razonabilidad, esto es, si la actuación de la agencia fue ilegal, arbitraria, o tan irrazonable que constituye un abuso de discreción.[7]

A su vez, la revisión usualmente comprende las siguientes áreas: (1) si se concedió el remedio apropiado; (2) si las determinaciones de hechos son conformes al principio de evidencia sustancial que obre en el expediente administrativo; y (3) si las conclusiones de derecho son correctas.[8]

**B.**

La Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, dispone que será política pública del Estado reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva, y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social.[9]

En virtud del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011[10], éste es el organismo gubernamental responsable de implementar la política pública relacionada al sistema correccional y al proceso de rehabilitación de adultos y de menores, así como de la custodia de todos los ofensores y transgresores del sistema de justicia criminal del país.[11]

El Plan de Reorganización le confirió al Secretario del Departamento de Corrección y Rehabilitación, la facultad y el deber de desarrollar programas y servicios que permitan y viabilicen la

---

[6] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[7] *Íd.*, pág. 216.
[8] *Moreno Lorenzo y otros v. Depto. Fam.*, supra, págs. 839-840; *Asoc. Fcias. v. Caribe Specialty, et al. II*, 179 DPR 923, 940 (2009).
[9] *López Borges v. Adm. Corrección*, 185 DPR 603, 619 (2012).
[10] 3 LPRA Ap. XVIII.
[11] Art. 4 del Plan de Reorganización, *supra.*

rehabilitación de la población correccional y faciliten su reintegración a la libre comunidad.[12]

Asimismo, el Plan de Reorganización le concedió al Departamento de Corrección y Rehabilitación la facultad de "[a]doptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios".[13]

En específico, el Plan de Reorganización dispone que el Secretario del Departamento de Corrección establecerá mediante un reglamento, los objetivos de cada programa de desvío, los criterios y condiciones para la concesión del privilegio de que se trate. De igual forma, administrará los programas de desvío en los cuales los convictos puedan cumplir parte de su sentencia fuera de la institución correccional.[14]

Conforme dicho mandato, el 19 de septiembre de 2023, el Departamento de Corrección y Rehabilitación aprobó el *Reglamento para la concesión de permisos a los miembros de la población correccional para salir de las instituciones correccionales del Gobierno de Puerto Rico,* Reglamento Núm. 9499, para establecer el procedimiento para la evaluación y concesión de permisos a los miembros de la población correccional para salir de las instituciones correccionales, en todo caso que se determine que dicha concesión constituye una medida de tratamiento conveniente y necesaria para su rehabilitación mediante su readaptación progresiva de la comunidad.[15]

---

[12] Art. 7 (a) del Plan de Reorganización, *supra.*
[13] Art. 7 (aa) del Plan de Reorganización*, supra.*
[14] Art. 16 del Plan de Reorganización, *supra.*
[15] Art. II del Reglamento Núm. 9499.

El Art. IV del Reglamento Núm. 9499 establece su aplicabilidad a los miembros de la población correccional recluidos en las instituciones correccionales bajo la jurisdicción del Gobierno de Puerto Rico y a todo el personal encargado de la evaluación, concesión, supervisión y revocación de permisos a los miembros de la población correccional.

El Artículo VI del Reglamento Núm. 9499, concerniente a las reglas de aplicación general, indica en su inciso (7) que "[l]as **solicitudes para pase inicial serán consideradas por el Técnico de Servicios Sociopenales** y llevadas ante el Comité de Clasificación y Tratamiento, tomando en cuenta el criterio de haber cumplido el diez por ciento (10%) de la totalidad de la sentencia y todos los demás requisitos dispuestos en este Reglamento. Luego, el Comité de Clasificación y Tratamiento, conforme a los méritos de cada caso, hará recomendaciones al Secretario o a su representante autorizado, sabre la concesión de pase". (Énfasis nuestro).

A su vez, conforme al Artículo VII del citado Reglamento - que atiende los requisitos, condiciones y exclusiones de participación - requiere en su inciso (1) que el miembro de la población correccional haya "cumplido con el diez por ciento (10%) de la totalidad de la sentencia impuesta" y, en su inciso (7) explica que en "[l]os casos de asesinato en primer grado que se encuentren en custodia mediana deberán tener un buen ajuste institucional y estar en dicha custodia por un periodo de seis (6) años (ininterrumpidamente) para ser evaluados para los pases dispuestos en este Reglamento. Se considerarán, además, las razones para dicha custodia cuando los fundamentos para permanecer allí no estén relacionados a ajustes inadecuados, querellas, positivos en prueba de dopaje y/o positivos administrativos".

El Artículo VIII establece los procedimientos generales a seguir para la concesión de los permisos. Los Artículos

subsiguientes atienen el proceso para evaluar la oposición de las víctimas o perjudicados y los procedimientos para solicitar la reconsideración y la revisión judicial de las determinaciones finales de la agencia.

Por otro lado, según la Orden Administrativa DCR 2023-03 del 7 de septiembre de 2023, el procedimiento para la concesión de la participación en el Proyecto para la Pre-Reinserción a la Libre Comunidad es el siguiente:

> 1. Los **Técnicos de Servicios Sociopenales de las Instituciones Correccionales serán responsables de evaluar los expedientes de los confinados e identificar los casos favorables**.
>
> 2. Si del estudio y análisis del caso se determina que el miembro de la población correccional es un candidato potencial para que se le conceda el beneficio de participar del Proyecto, **el Técnico de Servicios Sociopenales preparará un informe y presentará el caso ante el Comité de Clasificación y Tratamiento**, utilizando el formulario correspondiente para oficializar el referido. Además, referirá copia del mismo formulario al Negociado de Programas Especiales y de Rehabilitación para la investigación correspondiente, en conjunto con el Formulario establecido para el Plan de Salida.
>
> 3. Una vez recibida la investigación, el Comité de Clasificación y Tratamiento, someterá al Secretario Auxiliar de Programas y Servicios sus recomendaciones al respecto, anejando copia de la liquidación de sentencia actualizada, evidencia de los tratamientos completados, evaluaciones psicológicas y el informe final del Negociado de Evaluación y Tratamiento, si corresponde. (Énfasis nuestro).[16]

### III.

El recurrente cuestiona la potestad de la Unidad Sociopenal para determinar su elegibilidad para el programa de pase sin custodia y emitir una recomendación para que éste participe del proyecto de pre-reinserción a la libre comunidad. Además, solicita que se ordene al DCR a realizar las evaluaciones correspondientes a dichos planes de reinserción a la comunidad.

---

[16] Orden Administrativa DCR-2023-03, Sección IV (C), incisos (1)- (3), págs. 6-7.

De acuerdo con el procedimiento para la concesión del privilegio de pase sin custodia establecido en el Reglamento Núm. 9499, es el técnico sociopenal quien tiene la responsabilidad de evaluar las solicitudes y llevarlas ante la consideración del Comité de Clasificación y Tratamiento. En el caso particular del recurrente, para que éste pueda ser evaluado para beneficiarse del pase sin custodia, es indispensable que cumpla varios criterios, pero, específicamente, debe haber cumplido el 10% de la totalidad de la sentencia y seis (6) años ininterrumpidos en la clasificación de custodia mediana. Hasta tanto el Sr. Hernández Santos cumpla con los criterios de elegibilidad antes expuestos, el técnico sociopenal se encuentra impedido de hacer cualquier tipo de recomendación para que se le conceda el beneficio de participar en el programa de pase sin custodia.

En cuanto a la solicitud para participar del proyecto de pre-reinserción a la libre comunidad, el técnico sociopenal también es el responsable de evaluar los expedientes de los miembros de la población correccional e identificar los casos favorables. En la determinación recurrida, se le notificó al recurrente que se le coordinó una cita para determinar si cumple con los criterios de elegibilidad de la Orden Administrativa DCR2023-03 para poder beneficiarse del proyecto de pre-reinserción a la libre comunidad. Dicho proceder es razonable y está acorde con las normas establecidas en la mencionada orden.

El marco de revisión de este Tribunal se circunscribe a un estándar de razonabilidad. La actuación del DCR no se apartó de los procedimientos prescritos en la Orden Administrativa DCR-2023-03 y el Reglamento Núm. 9499. El recurrente no demostró que el DCR actuase de forma irrazonable, caprichosa, ilegal, o fuera del marco de los poderes delegados a ésta.

En vista de lo anterior, y en atención a la norma de deferencia que rige la revisión de las decisiones administrativas, concluimos que la determinación recurrida se basó en el expediente administrativo y constituyó una actuación razonable de la agencia. En ese sentido, el recurrente no derrotó la presunción de corrección que cobija a las determinaciones administrativas. Por tanto, resolvemos que el DCR actuó correctamente y conforme a la reglamentación aplicable al denegar la solicitud del recurrente para participar del programa de pase sin custodia a la libre comunidad del Reglamento Núm. 9499 y coordinar la entrevista con su técnico sociopenal para determinar si puede beneficiarse del proyecto para la pre-reinserción a la libre comunidad. En vista de lo anterior, procede confirmar la determinación recurrida.

**IV.**

Por los fundamentos expuestos, se confirma la determinación recurrida.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones